UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Yasmani Figueredo Varona (A-Number: 244-204-611),

Petitioner,

v.

Warden of the California City Detention Center,

Respondent.

No. 1:26-cv-08547-KES-GSA (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Doc. 1

Petitioner Yasmani Figueredo Varona is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The court has previously addressed the legal issues raised by claim one of the petition—that, when a noncitizen has previously been released on parole and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025).

Respondent argues that detention "is mandatory under Section 1225(b)(2)(A)." Doc. 7 at 2. But respondent "acknowledges that this case fits into the category of cases in which the Court has found that the petitioner's parole into the United States is more significant than his or her manner of entry" and "thus submits that this case belongs to the category of cases in which the

Court has ordered a bond hearing." *Id.*

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner Yasmani Figueredo Varona (A-Number: 244-204-611) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances and alternative conditions of release in the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond. If respondents do not provide petitioner with a bond hearing within fourteen (14) days, then respondents must release him.[1]

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: November 2, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.